

**NUMBER 13-14-00423-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE GREATER MCALLEN STAR PROPERTIES, INC., MARILYN HARDISON, AND JASEN HARDISON**

---

**On Petition for Writ of Mandamus**

---

**OPINION**

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Opinion by Chief Justice Valdez[1]**

Through two issues in this original proceeding, Greater McAllen Star Properties, Inc., Marilyn Hardison, and Jasen Hardison (collectively "Greater McAllen") seek to set aside an order compelling discovery and to compel the trial court to set a hearing on their motion for summary judgment. Specifically, Greater McAllen contends: (1) the trial court abused its discretion by compelling Greater McAllen to respond to discovery while

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

refusing to hear Greater McAllen's motion for summary judgment, and (2) a plaintiff who propounds discovery before complying with Texas Rule of Civil Procedure 47 must "re-propound" discovery after the defect is cured. *See* TEX. R. CIV. P. 47 (providing that a party whose petition fails to specify the range of monetary relief sought "may not conduct discovery until the party's pleading is amended to comply"). We deny the petition for writ of mandamus.

## I. BACKGROUND

In 2001, Nicole Morris filed for divorce from Christoph Morris in County Court at Law No. Two of Hidalgo County, Texas. A final decree of divorce and a judgment for damages in favor of Nicole was signed on January 10, 2005. As part of the judgment, Nicole was awarded $165,000.00 for assault and intentional infliction of emotional distress and $250,000.00 for exemplary damages. The total judgment was for $415,000.00 and all costs of court. Christoph appealed the judgment to this Court. *See Morris v. Morris*, No. 13-05-00297-CV, 2007 WL 2128882, at *1 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (mem. op.) (affirming the judgment); *see also Morris v. Morris*, No. 13-05-00297-CV, 2007 WL 2137929, at *1 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (concurring memorandum opinion).

Christoph did not pay the judgment and Nicole began collection efforts, which included a separate trial court proceeding accusing Christoph's employer, Greater McAllen, and others of fraud and conspiracy to commit fraud on grounds that Greater McAllen was conspiring with Christoph to prevent collection of the judgment. The trial court in that case rendered summary judgment against Nicole, and Nicole appealed that judgment to this Court. *See Morris v. Greater McAllen Star Properties*, No. 13-11-00316-

2

CV, 2012 WL 3043106, at *1 (Tex. App.—Corpus Christi July 26, 2012, no pet.) (mem. op.) (affirming a summary judgment as modified in favor of Greater McAllen).

On October 22, 2013, Nicole thereafter filed a separate suit against Greater McAllen, Christoph Morris, and Stephan J. Morris in the 206th District Court of Hidalgo County, Texas, seeking injunctive and declaratory relief and alleging causes of action for tortious interference with the collection of the judgment and conspiracy to commit tortious interference with the judgment. This lawsuit is the genesis for this original proceeding. After filing her original petition, on December 3, 2013, Nicole propounded requests for disclosure, interrogatories, and requests for production to Greater McAllen. On February 18, 2014, Greater McAllen filed a traditional motion for summary judgment against Nicole on grounds that: (1) her claims were barred by res judicata and collateral estoppel based on the previous lawsuit; (2) Texas law does not recognize a tort for tortious interference with a judgment creditor; and (3) her causes of actions were barred by the statute of limitations. *See* TEX. R. CIV. P. 166a. On March 7, 2014, the trial court set the motion for summary judgment for submission on June 9, 2014.

In the interim, on April 8, 2014, Nicole filed a motion to compel Greater McAllen to provide responses to the discovery she had propounded.[2] On April 28, 2014, Greater

---

[2] We note that Greater McAllen failed to provide this Court with all documentation regarding the discovery between the parties. For instance, as pointed out by Nicole in her response to the petition for writ of mandamus, the record fails to include complete copies of Nicole's motion to compel and Greater McAllen's motion for protective order. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record). However, given that this original proceeding concerns the trial court's alleged refusal to rule on a motion for summary judgment rather than substantive discovery issues, we do not consider the omissions fatal to this proceeding. *See, e.g., Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

McAllen filed a response to the motion to compel asserting that Nicole was not allowed to conduct discovery because her original petition failed to request a specific range of damages in accordance with Texas Rule of Civil Procedure 47. *See* TEX. R. CIV. P. 47. According to Greater McAllen's response, Nicole had amended her petition "to cure the defect but failed to re-propound her first set of discovery," thus, "there are no valid discovery requests pending." Greater McAllen further asserted that Nicole's claims "fail as a matter of law," thus it sought protection against her "abusive discovery requests until the [c]ourt has determined whether her suit will proceed." In its response, Greater McAllen also sought a protective order against the outstanding discovery. On May 1, 2014, Nicole filed a reply in support of her motion to compel.

On May 2, 2014, the trial court held a hearing on Nicole's motion to compel and Greater McAllen's motion for protective order, but did not issue a ruling immediately. After the hearing, on May 11, 2014 Greater McAllen filed a first supplemental motion for summary judgment raising the exact same bases for summary judgment as in its original motion, but including Christoph as a party seeking summary judgment.

On May 27, 2014, the trial court rendered an order granting Nicole's motion to compel discovery and denying Greater McAllen's motion for protective order. On June 2, 2014, Nicole filed a verified motion for continuance of the June 9, 2014 hearing on the motion for summary judgment and, subject to that motion, her response. The basis of her motion for continuance of the summary judgment hearing was Greater McAllen's refusal to produce witnesses for depositions or answer discovery.

This original proceeding ensued on July 28, 2014. By two issues, Greater McAllen contends that: (1) the trial court abused its discretion by compelling it to respond to

4

discovery in its May 27, 2014 order "while refusing to hear" Greater McAllen's motion for summary judgment, which disposes of claims that are "groundless on their face," and (2) Nicole was required to "re-propound" discovery after she cured her pleading defect under Texas Rule of Civil Procedure 47. This Court granted Greater McAllen's emergency motion to stay the trial court proceedings and requested and received a response to the petition for writ of mandamus from Nicole.

## II. STANDARD OF REVIEW

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

5

### III. FAILURE TO RULE

By their first issue, Greater McAllen contends that the trial court has abused its discretion by compelling it to respond to discovery while refusing to hear its motion for summary judgment. Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no adequate remedy at law for a trial court's failure to rule because "[f]undamental requirements of due process mandate an opportunity to be heard." *See In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) (citing C*reel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991)); *see also In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (mem. op.). Thus, in proper cases, mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d at 661.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Dallas Nat'l Ins. Co.*, No. 13-09-00674-CV, 2010 WL 2432097, at *4 (Tex. App.—Corpus Christi June 17, 2010, orig. proceeding) (mem. op. on reh'g). The relator must show that the trial

6

court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661; *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *In re Blakeney,* 254 S.W.3d at 661; *In re Keeter*, 134 S.W.3d at 253; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *In re Blakeney,* 254 S.W.3d at 661; *see Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29. In this regard, it is clear that mandamus may be available to compel a trial court to rule on a motion for summary judgment in extraordinary circumstances. *See, e.g., In re Greenwell*, 160 S.W.3d 286, 287–88 (Tex. App.—Texarkana 2005, orig. proceeding) (ordering trial court to rule on motion for summary judgment where six months had elapsed since filed and trial court indicated it "would not rule on the motion before trial"); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding [mand. denied]) (ordering trial court to rule on motion for summary judgment where eight months had elapsed since filed); *Grant v.*

7

*Wood*, 916 S.W.2d 42 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (ordering trial court to rule on motion for summary judgment when the trial judge's express purpose in refusing to rule was to deny an interlocutory appeal); *see also In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding) (limiting *Grant* to circumstances where the express purpose of the trial court in refusing to rule is to prevent an interlocutory appeal).

In this case, Greater McAllen contends that the trial court has refused to hear its motion for summary judgment and points out that there was almost a four-month delay between the time the motion for summary judgment was filed and the submission date, yet Nicole was able to obtain multiple hearings expeditiously on various discovery matters. Greater McAllen's contention ignores the fact that the trial court provided it with a hearing date for the motion for summary judgment on June 9, 2014. When Nicole filed a motion to continue this setting, the trial court issued an order setting her motion for continuance for hearing by submission on July 30, 2014. Relator filed this original proceeding and a motion to stay the trial court proceedings before Nicole's motion for continuance was heard. This is tantamount to invited error. *See, e.g., In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009, orig. proceeding) ("The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal."); *Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773, 787 (Tex. App.—Fort Worth 2014, no pet.) (stating that the invited error doctrine prevents a party from asking for relief from the trial court and later complaining on appeal that the trial court gave it).

Setting this matter aside, the record does not reflect that Greater McAllen demanded a setting or ruling on its motion for summary judgment or objected to the trial court's alleged failure to hear or set the motion, that the trial court has refused to hear the motion or rule on it, or that an unreasonable period of time has passed since the motion was filed. In this regard, we note, for instance, that Greater McAllen never requested a hearing on its supplemental motion for summary judgment. Under the circumstances presented, Greater McAllen has not established its right to mandamus relief. *See In re Sarkissian*, 243 S.W.3d at 861; *In re Hearn*, 137 S.W.3d at 685; *In re Keeter*, 134 S.W.3d at 252.

Further, it is readily apparent that the trial court has discretion to continue a hearing on the motion for summary judgment to allow for discovery. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (applying abuse-of-discretion standard to denial of motion to continue to conduct discovery in summary judgment context). Greater McAllen does not contend that Nicole's motion for continuance of the summary judgment hearing was substantively or technically deficient. *See Tenneco Inc. v. Enterprise Prods.*, 925 S.W.2d 640, 647 (Tex. 1996). Rather, Greater McAllen instead asserts that it should be exempt from responding to discovery because Nicole's claims are "groundless" and "no discovery can be relevant or lead to the discovery of relevant evidence." When a motion for summary judgment is based on a legal issue and facts are unnecessary for its resolution, the trial court has discretion to deny a continuance even without discovery. *See, e.g., White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 804 (Tex. App.—Tyler 1999, no pet.). However, when facts are necessary for the resolution of a motion for summary judgment, a plaintiff generally has the right to engage in necessary

9

discovery on fact-specific issues. *See, e.g., Levinthal v. Kelsey-Seybold Clinic, P.A.*, 902 S.W.2d 508, 511 (Tex. App.—Houston [1st Dist.] 1994, no writ). Under the circumstances present here, where the motion for summary judgment was premised, in part, on legal issues involving mixed questions of law and fact, the trial court had discretion to conclude that additional discovery was necessary. *See, e.g., Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998) (stating that the application of the discovery rule to the statute of limitations usually entails questions for the trier of fact); *Tex. State Bd. of Dental Examiners v. Brown*, 281 S.W.3d 692, 708 (Tex. App.—Corpus Christi 2009, pet. denied) (stating that whether res judicata applies in a given instance may be a mixed question of law and fact).

We overrule Greater McAllen's first issue.

## IV. TEXAS RULE OF CIVIL PROCEDURE 47

By its second issue, Greater McAllen contends that Nicole was required to "re-propound" her discovery after she amended her petition to comply with Texas Rule of Civil Procedure 47. *See* TEX. R. CIV. P. 47. Rule 47 governs original pleadings and, as amended effective March 1, 2013, provides:

> An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
>
> (a)    a short statement of the cause of action sufficient to give fair notice of the claim involved;
>
> (b)    a statement that the damages sought are within the jurisdictional limits of the court;
>
> (c)    except in suits governed by the Family Code, a statement that the party seeks:

10

(1)     only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or

(2)     monetary relief of $100,000 or less and non-monetary relief; or

(3)     monetary relief over $100,000 but not more than $200,000; or

(4)     monetary relief over $200,000 but not more than $1,000,000; or

(5)     monetary relief over $1,000,000; and

(d)     a demand for judgment for all the other relief to which the party deems himself entitled.

Relief in the alternative or of several different types may be demanded; provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed.  A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.

*Id.*  The newly amended part of the rule that prohibits a party from engaging in discovery until its pleading specifies the range of monetary relief sought is relevant here.  In Nicole's original petition, filed October 22, 2013, she failed to specify the range of damages she sought:

Damages are in excess of the minimum jurisdictional limits of this court.  Plaintiff seeks both monetary and non-monetary relief.  Plaintiff seeks monetary relief in the alternative as set forth at Rule 47(c)(1-5) of the Texas Rules of Civil Procedure.  Plaintiff demands Judgment for all of the relief to which Plaintiff deems herself entitled to per Rule 47(d), T.R.C.P.

However, in Nicole's first amended original petition, filed January 6, 2014, Nicole sought damages "in excess of the minimum jurisdictional limits of this court" and sought both "monetary and non-monetary relief," but expressly specified that she "seeks monetary relief as set forth at Rule 47(c)(5) of the Texas Rules of Civil Procedure."  In the interim

11

between filing her original petition and filing her first amended petition, Nicole propounded the discovery at issue on December 3, 2013.

Greater McAllen contends that Nicole's failure to comply with Rule 47 required that she "re-propound" her discovery after amending her petition to comply with the Rule. According to Greater McAllen, the language of the rule is clear and the failure to comply prevents a party from conducting discovery but "does not protect a responding party from answering discovery" because if it did, "correcting a faulty petition could well trigger the duty to respond to prematurely propounded discovery." Greater McAllen cites no authority for this proposition, and we have found none.

We liberally construe the rules of civil procedure to obtain "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" with "as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable." TEX. R. CIV. P. 1; *In re OneWest Bank, FSB*, 430 S.W.3d 573, 577 (Tex. App.—Corpus Christi 2014, orig. proceeding); *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Rule 47 expressly provides that "[a] party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply." *Id.* The Rule does not state that a party must re-issue discovery requests after the amendment of its pleadings. To require a party to "re-propound" discovery under these circumstances would needlessly increase the cost of litigation. Under these circumstances, where Greater McAllen does not dispute that the amended petition complies with Rule 47, we conclude that Nicole was not required to reissue her outstanding discovery requests, but instead, Greater McAllen's time to

12

respond to the discovery requests began to run as of the date that the amended petition was filed in compliance with the rule.

We overrule Greater McAllen's second issue.

### V. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that Greater McAllen has not met its burden to show itself entitled to the relief sought. Accordingly, having examined and fully considered the petition for writ of mandamus and the response, we LIFT the stay that was previously imposed in this cause and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). In so holding, however, we note that the trial court's order of May 27, 2014 inadvertently requires Greater McAllen to produce its discovery responses by May 9, 2014, a date which preceded the order itself. We are confident that the trial court will correct this matter upon the resumption of the trial court proceedings and will issue a new date for the production of discovery after appropriate hearing.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
CHIEF JUSTICE

Delivered and filed the
4th day of September, 2014.

13