

**NUMBER 13-13-00268-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**OVIDIO GARCIA JR.,** **Appellant,**

**v.**

**OMAR ESCOBAR, RAMON DE LA CRUZ
AND UNKNOWN PERSONS AND/OR ENTITIES,** **Appellees.**

---

**On Appellant's Motion for Enforcement of Judgment.**

---

# ORDER

**Before Justices Rodriguez, Garza, and Perkes
Order Per Curiam**

On April 15, 2014, this Court handed down a substitute memorandum opinion and judgment in the above-referenced cause which, in part, reversed the trial court's summary judgment in favor of appellees, Omar Escobar et al., in an action brought by appellant Ovidio Garcia Jr. *See Garcia v. Escobar*, No. 13-13-00268-CV, 2014 WL 1514288 (Tex. App.—Corpus Christi Apr. 15, 2014, pet. denied) (substitute mem. op.).

Appellant has filed with this Court a verified "Motion for Enforcement of Judgment" contending that he has filed various motions with the trial court clerk, that he has asked that those motions be presented to the trial court judge, but that he "ha[s] never received a response from the district clerk, the 93rd District Court coordinator, or the 93rd District Court Judge." Appellant asks that we enter an order, pursuant to Texas Rule of Appellate Procedure 19.3(c), compelling the trial court to enforce our April 15, 2014 judgment and to "conduct further proceedings" consistent with that judgment. *See* TEX. R. APP. P. 19.3(c) (stating that we may, after our plenary power expires, enforce our judgment "as these rules or applicable law provide"). In particular, appellant complains that there has been "absolutely no response" to the following motions:

(1) "Motion for court to order Telephonic status report hearing" filed October 6, 2014;

(2) "Motion for court to designate place of production, inspection and copying of requested documents; request for court order to provide Plaintiffs access to copying equipment and request for bench warrant," filed October 6, 2014;

(3) "Motion for court to order designation of place and time of production inspection and copying of documents subpoena from NON-PARTIES" [sic], filed October 6, 2014;

(4) "Motion for court to order that the District Clerk and Defendants' attorney notify and serve Plaintiffs with all orders and pleadings filed," filed October 15, 2014; and

(5) "Motion to Recuse Judge" filed April 5, 2015.

Pursuant to our request, appellee Escobar filed a response to appellant's motion,

2

contending that the trial court had "no duty to hear and rule on" the aforementioned motions because they were filed before our mandate issued on December 30, 2014. *See* TEX. R. APP. P. 51.1(b) ("When the trial court clerk receives the mandate, the appellate court's judgment must be enforced.").[1]

In the context of a petition for writ of mandamus, to obtain relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding). Here, appellant has not filed a petition for writ of mandamus; instead, he requests that we enter an order enforcing our judgment under Texas Rule of Appellate Procedure 19.3(c). But the motions filed by Garcia do not relate to the substantive issue decided in our 2014 judgment—i.e., the reversal of the trial court's summary judgment order. Appellant has cited no authority, and we find none, establishing that a trial court fails to comply with an appellate court's judgment—thereby warranting a Rule 19.3(c) enforcement order—by failing to respond to motions that are substantively unrelated to the grounds of the judgment.

Having fully considered appellant's motion and the response thereto, we conclude that appellant is not entitled to the relief sought. Accordingly, appellant's motion for enforcement of judgment is DENIED. All other pending motions are hereby denied as

---

[1] We note that one of Garcia's motions, the motion to recuse, was filed after our mandate issued. Escobar argues in his response that Garcia "has not proven any of the grounds for recusal" listed in the rules. *See* TEX. R. CIV. P. 18b. We do not address the merits of the issue because of our conclusion that Garcia is not entitled to an enforcement order under Texas Rule of Appellate Procedure 19.3(c). *See* TEX. R. APP. P. 19.3(c).

moot.

IT IS SO ORDERED.

PER CURIAM

Order delivered and filed the
8th day of September, 2015.