**Opinion issued May 27, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————————

**NO. 01-21-00179-CV**

—————————————————

## IN RE GREGORY T. JOSEFSBERG, Relator

———

**Original Proceeding on Petition for Writ of Mandamus**

———

### MEMORANDUM OPINION

Relator Gregory T. Josefsberg filed a petition for writ of mandamus asking this Court to compel Respondent, the Honorable Ursula A. Hall, to rule on his "Supplemented" Motion to Dismiss for Lack of Jurisdiction, which has been pending for twenty months.[1] We conditionally grant the writ.

---

[1] The underlying case is *Rachel Ann Roberts v. Gregory Thomas Josefsberg*, cause number 2018-87179, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

## Background

Real party in interest Rachel Ann Roberts ("Real Party") filed a petition seeking to take a pre-suit deposition on written questions pursuant to Texas Rule of Civil Procedure 202. Real Party sought to depose Relator to investigate claims and determine the amount owed on a note and deed of trust for a condominium Relator purchased from Real Party's parents, now deceased.

Relator filed an answer denying the allegations in the petition and subsequently filed a motion to dismiss for lack of jurisdiction claiming Real Party's claims concerning the property were barred by limitations. A visiting judge, the Honorable Sylvia A. Matthews, denied the motion on April 23, 2019, finding Relator had not "met his burden to negate jurisdiction by showing when the cause of action accrued."

On June 9, 2019, Relator filed a notice to take deposition on written questions and request for documents from Real Party's former counsel. On August 12, 2019, Relator filed a Supplemented Motion to Dismiss for Lack of Jurisdiction, attaching documents procured through Relator's deposition on written questions in an effort to cure the deficiencies identified by Judge Matthews.[2] On October 7, 2019, Respondent held an in-person hearing to consider the supplemented motion

---

[2] Although Relator refers to the motion as a "supplemented" motion to dismiss, it is, for all intents and purposes, a renewed and amended motion to dismiss, as it was filed after the court denied his original motion to dismiss. We refer to the motion as Relator does, as a supplemented motion to dismiss.

advising the parties, at the conclusion of the hearing, that she would take the motion under advisement. The following relevant events then transpired:

- On February 12, 2020, Relator filed a Motion for Ruling requesting a ruling on his Supplemented Motion to Dismiss;

- On February 19, 2020, Relator emailed the lead clerk of the 165th District Court, requesting a hearing date on his Motion for Ruling. The clerk advised that motions for rulings are not placed on the oral or submission docket, but that she would email the judge advising her that Relator's Supplemented Motion to Dismiss remained pending and that Relator was requesting a ruling. Relator emailed the clerk again on February 24, 2020, asking if there had been a ruling on his Supplemented Motion to Dismiss.

- On September 28, 2020, Relator filed an Emergency Motion for Continuance & Motion for Ruling on Defendant's Supplemented Motion to Dismiss for Lack of Jurisdiction, again requesting a ruling on the pending motion.[3]

- On October 2, 2020, Respondent granted the continuance, but did not issue a ruling on the Supplemented Motion to Dismiss.

- On April 8, 2021, the trial court notified the parties that the case would be set for trial during the two-week docket beginning April 12, 2021 through April 23, 2021.

On April 11, 2021, Relator filed a petition for writ of mandamus, asking this Court to order Respondent to rule on his still-then pending Supplemented Motion to Dismiss. On April 12, 2021, this Court granted a stay of the underlying trial court proceedings pending adjudication of the mandamus petition. The Court also

---

[3] At that time, trial was set for October 12, 2020.

3

requested that Real Party file a response to the petition for mandamus relief, but none was filed.

## Standard of Review

Generally, mandamus relief is warranted when the relator can show that (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus relief also may be granted to compel a trial court to perform the ministerial act of ruling on a properly filed, pending motion. *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247, at *1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act."). A trial court abuses its discretion by failing to rule if it (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the nondiscretionary act; and (3) failed to do so. *In re Robbins*, No. 14-21-00129-CV, ___ S.W.3d ___, ___ 2021

WL 1307213, at *1 (Tex. App.—Houston [14th Dist.] Apr. 8, 2021, orig. proceeding).

## Discussion

It is the trial court's duty "to rule on all motions on which a ruling has been sought within a reasonable time, considering all the surrounding circumstances." *In re SMS Fin. XV, L.L.C.*, 2020 WL 573247, at *2 (quoting *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). "The determination of whether a reasonable time has lapsed 'depends on the circumstances of the case.'" *Id.* (citing *In re Baylor Coll. of Med.*, No. 01-19-00105-CV, 2019 WL 3418504, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.)). "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time from an unreasonable one." *In re Greater McAllen Star Props.*, 444 S.W.3d at 748.

In this case, there is little doubt that the twenty-month lapse here between the filing of Relator's Supplemented Motion to Dismiss and the filing of his petition for writ of mandamus is an unreasonable amount of time to wait for a ruling, especially in light of the trial court's notice setting the case for trial in April 2021. The record reflects that Relator properly filed his Supplemented Motion to Dismiss, as well as his subsequent Motion for Ruling, seeking to set such motion

5

for oral or written submission to no avail. And there is nothing in the record reflecting the existence of circumstances preventing Respondent from ruling on the pending motion.

Relator asserts he has no adequate appellate remedy because Respondent's "continued exercise of jurisdiction in this case results in a continuing cloud on [Relator's] title to real property" and because without a ruling, relator will be forced to engage in "unnecessary litigation and [relator] will lose his right to a determination of jurisdiction." *See In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (no adequate remedy by appeal if plea to the jurisdiction not ruled on before summary judgment is granted); *see also In re Bank of Am., N.A.*, No. 01-02-00867-CV, 2003 WL 22310800, at *4 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) ("Mandamus will issue . . . 'to prevent a court from exercising jurisdiction it does not have, even if there is an adequate remedy by appeal.'") (citing *In re Cornyn*, 27 S.W.3d 327, 332 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding).

Without addressing the merits of the motion, we conclude that Respondent's twenty-month delay in ruling on Relator's Supplemented Motion to Dismiss is unreasonable and constitutes an abuse of discretion warranting mandamus relief.

## Conclusion

We lift the stay imposed on April 12, 2021. We conditionally grant Relator's petition for mandamus relief and direct Respondent to rule on Relator's August 12, 2019 Supplemented Motion to Dismiss. Our writ of mandamus will issue only if Respondent does not comply within thirty days of the date of this opinion. All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.