**Conditionally Grant and Opinion Filed September 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00579-CV**

**IN RE MICHAEL E. ROBINSON AND THE ROBINSON LAW FIRM,**
**Relators**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-14300**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

In this petition for writ of mandamus, relators Michael E. Robinson and The

Robinson Law Firm (collectively, Robinson) seek a writ of mandamus to compel the

trial court to rule on their pending motion to withdraw as counsel. The motion to

withdraw was filed in October 2021 and heard by the trial court in February 2022.

After reviewing the petition, response, record, and law, we conclude that the motion

to withdraw has been pending for an unreasonable amount of time, that the trial court

has clearly abused its discretion, and that there is no adequate appellate remedy. We

conditionally grant Robinson's petition for writ of mandamus compelling the trial

court to resolve the motion to withdraw. Our trial stay in the underlying action remains in force until the trial court grants or denies the motion to withdraw.

## Background

Robinson is counsel of record for Deylan Walker, real party in interest here and plaintiff in the underlying defamation suit. When the underlying case was previously on appeal under Cause No. 05-20-00439-CV in this Court, Robinson, individually, filed a motion to withdraw as counsel in the appeal. Robinson asserted that the attorney–client relationship had broken down to the extent that there was a lack of communication and a conflict of interest between him and Walker. This Court granted Robinson's motion to withdraw on May 29, 2020.

On remand, Robinson filed a motion in the trial court to withdraw as Walker's counsel. The motion to withdraw was filed on October 12, 2021, and it was amended on October 18, 2021. In the amended motion, Robinson asserted that good cause existed for withdrawal as counsel because irreconcilable differences and other issues, including an inability to effectively communicate, had arisen with Walker that had hampered and frustrated Robinson's representation of Walker. Robinson asserted: "Counsel has withdrawn from all cases wherein he represented Mr. Walker including the present case during the appeal of the case to the 5[th] Court of Appeals. Counsel understood that Mr. Walker had found other counsel, who would be handling his case at this time." Robinson requested that he be allowed to withdraw from representation

of Walker in the underlying case as he had been allowed to withdraw in Walker's other cases.

On November 16, 2021, Walker filed a motion opposing the amended motion to withdraw and requesting sanctions against Robinson. Walker disputed—in minute detail—factual representations in Robinson's amended motion to withdraw. For example, Walker claimed that it was Robinson who was responsible for lack of communication, and he insisted that he had never instructed Robinson that he had found new counsel. Walker also sought "costs" in his motion opposing Robinson's withdrawal. Walker argued he would suffer financial harm if Robinson were permitted to withdraw as counsel. Walker asked for $40,000 related to retaining new counsel if Robinson were allowed to withdraw. Walker sought $16,000 to recoup his "legal expenses" for legal work that he had performed while being kept "away from his work and business" due to Robinson's failure to perform his duties as counsel. And Walker asked for $5,000 for miscellaneous future expenses related to the underlying lawsuit. Moreover, Walker sought sanctions against Robinson in his motion opposing Robinson's withdrawal. Walker sought to recover monetary sanctions basically for the same reasons he alleged when he sought to recover "costs."[1]

---

[1] Walker filed an amended opposition to withdrawal and motion for sanctions on November 30, 2021. In that filing, Walker added an allegation that Robinson was still legally obligated to represent him "per Texas Disciplinary Rules of Professional Conduct."

On November 18, 2021, Robinson filed a plea in abatement and motion for full hearing regarding his motion to withdraw. He alleged:

> Mr. Robinson would show the court that conflicts between Mr. Robinson and Mr. Walker prevent Mr. Robinson from continuing to represent Mr. Walker and therefore to keep Mr. Walker and Mr. Robinson from being harmed it would be in the best interest of justice and judicial economy to abate the action to prevent any action pending a decision concerning Mr. Robinson's Motion to Withdraw.

Robinson's motion also asked the trial court to set a bifurcated hearing to determine whether Walker wished to waive his privilege and, if so, then for a more formal subsequent hearing for Robinson to present evidence supporting his motion to withdraw. Robinson noted if Walker did not waive his privilege, then the trial court could decide the withdrawal issue at the initial hearing although Robinson would be prohibited by privilege from revealing any other evidence to support withdrawal.

According to the trial court's docket, the court heard Walker's motion for sanctions on February 7, 2022. The court heard Robinson's motion to withdraw and plea in abatement on February 17, 2022.[2]

On March 25, 2022, Robinson filed a motion for entry of order allowing withdrawal of counsel. The motion alleged, in part:

> Mr. Robinson has been requesting withdrawal as counsel for the plaintiff herein since October of 2021. There have been three (3) hearings on Mr. Robinson's Motion wherein Mr. Robinson has established his reasons for withdrawing and at this point in time the Plaintiff has filed an adversary proceeding against Mr. Robinson. The

---

[2] The trial court's docket sheet suggests the trial court had set previous hearings on the motion to withdraw on October 14, 2021, November 5, 2021, and November 16, 2021.

last hearing on this matter was on February 17, 2022 at which time Mr. Robinson again established the necessary elements allowing his withdrawal as counsel of record for Deylan Walker in this case. Mr. Robinson's Motion has been pending before the Court since November of 2021 with no entry of the proposed Order For Withdrawal Of Plaintiff's Counsel. The failure to enter the Order is leaving the parties in limbo with regard to the proceedings in this case. Further, the continued retention of Mr. Robinson as attorney of record for the Plaintiff is preventing Mr. Robinson from defending himself by providing privileged information to the Court which will be necessary to defend against the allegations of Mr. Walker herein.

This mandamus proceeding followed. On June 6, 2022, Robinson filed a petition for writ of mandamus complaining about the trial court's failure to rule on the motion to withdraw.[3] On June 7, 2022, the panel denied the petition on grounds of Rule 52 of the Texas Rules of Appellate Procedure. *In re Robinson*, No. 05-22-00543-CV, 2022 WL 2037969, at *1 (Tex. App.—Dallas June 7, 2022, orig. proceeding) (mem. op.) (denying petition because documents included in the record were not certified by a trial court clerk or adequately sworn copies and because Robinson failed to certify that he had reviewed the petition and concluded that every factual statement in the petition was supported by competent evidence in the appendix or record); *see also* TEX. R. APP. P. 52 ("original proceedings"). On June 13, 2022, after curing the Rule 52 defects, Robinson refiled the petition for writ of mandamus. Robinson argued that an unreasonable amount of time had passed for the trial court to rule on the motion to withdraw. Robinson further contended that the motion to

---

[3] *In re Michael E. Robinson and The Robinson Law Firm, Attorneys*, No. 05-22-00543-CV.

withdraw should be granted so that he can defend himself against Walker's allegations without the conflict of being Walker's attorney of record.

On June 14, 2022, this Court granted Robinson's request to stay the trial of the underlying action pending resolution of this original proceeding.

**Analysis**

Mandamus is an extraordinary remedy requiring relators to show that (1) the trial court has clearly abused its discretion, and (2) there is no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Because the trial court has been afforded a reasonable time to rule and relators have no adequate remedy by appeal to challenge the trial court's refusal to rule, relators have demonstrated their entitlement to a writ of mandamus compelling the trial court to rule.

The act of considering and ruling on a motion that is properly filed and pending before a trial court is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been pending for a reasonable time, the relator requested a ruling on the motion, and the trial judge refused to rule. *Greater McAllen*, 444 S.W.3d at 748.

A trial judge must rule "within a reasonable time" on motions that are properly filed. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Whether a reasonable period of time has elapsed depends on the circumstances of the case. *Blakeney*, 254 S.W.3d at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *Greater McAllen*, 444 S.W.3d at 748 (quoting *Blakeney*, 254 S.W.3d at 662). We examine myriad criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 748–49.

While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited. *Clanton v. Clark*, 639 S.W.2d 929, 930–31 (Tex. 1982); *In re Reiss*, No. 05-20-00708-CV, 2020 WL 6073881, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op.). Trial courts also have a duty to tend to and schedule cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 931; *In re Reiss*, 2020 WL 6073881, at *3.

Here, the record before us does not indicate any special docket conditions or other matters that might have prevented the trial judge from ruling on the motion to withdraw. The motion itself also does not appear to be particularly complex.

–7–

Although there is no bright-line rule, six months sometimes is deemed to be a reasonable amount of time for a trial court to resolve a motion, and a motion pending for that period of time or longer will sometimes warrant mandamus relief.[4] In this case, the motion to withdraw as counsel was filed in October 2021 (ten months ago), and it was fully heard as of February 17, 2022 (six months ago). Thus, we conclude the motion has pended too long.

We do not adopt a "six-month rule" or "ten-month rule" or fix any similar bright-line demarcation for cases in which parties seek mandamus relief to compel expeditious disposition of motions. We do not repeat the myriad considerations, referenced above, that guide decision of each unique mandamus petition. All we hold is that—based on particular facts and circumstances here—ten months from filing the motion to withdraw and six months from the trial court's hearing of the motion without ruling presents an unreasonable time warranting mandamus relief.

Because the record establishes that (1) the properly filed motion has been pending for more than a reasonable time, (2) Robinson has requested a ruling on the motion, and (3) the trial judge has failed to rule, we conclude that Robinson has demonstrated entitlement to mandamus relief with respect to the trial court's failure to rule.

---

[4] *See In re Reiss*, 2020 WL 6073881, at *1 (motions pending from six months to more than twenty-four months); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.— Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (six months).

–8–

To the extent Robinson requests that we order the trial judge to sign an order of withdrawal, we have jurisdiction to direct the trial court to exercise its discretion but are not permitted to direct the trial court how to rule on the motion to withdraw. *See In re ReadyOne Indus., In*c., 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding). We therefore express no opinion on any of the issues raised in the motion to withdraw.

## Conclusion

Without opining on the merits of the motion, we conditionally issue a writ of mandamus. We direct the trial court to rule on Robinson's pending motion to withdraw as counsel in the underlying action. We are confident the judge will promptly comply. Our writ will issue only if the trial court fails to do so. Our trial stay in the underlying case remains in force until the trial judge grants or denies the motion to withdraw.

220579f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE