**DENIED and Opinion Filed April 12, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00160-CV

## IN RE VEGA STREET 1, LLC VEGA STREET 2, LLC AND VEGA STREET 3, LLC, Relators

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-06391**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Kennedy
Opinion by Justice Smith

Before the Court are relators' February 21, 2023 petition for writ of mandamus, respondent's March 8, 2023 response, and relators' April 6, 2023 reply to respondent's response. In their petition, relators seek an order from this Court compelling respondent to render judgment following a trial before the court in 2019 and a ruling on relators' motion for judgment filed in March 2022. Under the particular circumstances of this case, we deny relators' petition.

Mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex.

2004) (orig. proceeding)). To obtain relief by mandamus, a relator must establish a clear abuse of discretion by the trial court and that no adequate appellate remedy exists. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding). The act of giving consideration to and ruling on a motion that is properly filed and pending before a trial court is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christ—Edinburg 2014, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been pending for a reasonable time; the relator requested a ruling on the motion; and the trial judge refused to rule. *Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748.

"It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding." *In re Walton*, No. 11-16-00230-CV, 2017 WL 922418, at *1 (Tex. App.—Eastland Feb. 28, 2017, orig. proceeding) (mem. op.) (quoting *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding)). In other words, in a mandamus proceeding we "may not legitimately reconcile disputed factual matters." *Id*. (citing *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding)); *see also Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Here, the record shows respondent provided a path to obtain a judgment by requesting that relators provide a proposed judgment to her. The record contains e-mails showing that relators e-mailed proposed judgments to respondent at her official e-mail address for her consideration. However, in her response, respondent stated that she had not received the proposed judgments. And the record does not contain file-stamped copies of any proposed judgments. Under these circumstances, we cannot conclude the record conclusively shows respondent actually received the proposed judgments or that she has refused to rule on the motion for judgment.

Based on the particular facts of this case, we deny relators' petition for mandamus. *See* TEX. R. APP. P. 52.8(a).

/Craig Smith/
CRAIG SMITH
JUSTICE

230160F.P05