**Opinion issued October 17, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00696-CV

_____

## IN RE SPAWGLASS CIVIL CONSTRUCTION, INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator SpawGlass Civil Construction, Inc. filed a petition for writ of mandamus asking this Court to compel Respondent, the Honorable Ursula A. Hall, to rule on its Motion to Compel Arbitration and Stay of Proceedings.[1]

---

[1]      The underlying case is *SpawGlass Civil Construction, Inc. v. Horizon Excavating, Inc. and The Hanover Insurance Company*, Cause No. 2023-22284, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

We deny the petition without prejudice to the relief sought.

## Background

This case arises from a contract dispute between the parties. On June 26, 2023, Relator filed its Motion to Compel Arbitration and Stay of Proceedings ("Motion") on the ground "there [wa]s a binding agreement to arbitrate between [the parties]." On July 19, 2023, Relator filed a Notice of Hearing, setting its Motion for hearing on August 7, 2023. On August 4, 2023, Real Parties in Interest Horizon Excavating, Inc. and The Hanover Insurance Company filed a Response in Opposition to Relator's Motion. Relator filed a Reply.

On August 7, 2023, Respondent held a telephonic hearing to consider Relator's Motion. The following month, on September 26, 2023, Relator filed the instant petition for writ of mandamus requesting we compel Respondent to rule on the pending Motion.

## Analysis

Mandamus is an extraordinary remedy. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). To obtain mandamus relief, Relator must show that (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *Id.*; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

A trial court abuses its discretion when (1) it has a legal duty to perform a nondiscretionary act; (2) it is asked to perform the nondiscretionary act; and (3) it fails to do so. *In re Josefsberg*, No. 01-21-00179-CV, 2021 WL 2149831, at \*2 (Tex. App.—Houston [1st Dist.] May 27, 2021, orig. proceeding) (mem. op.) (citing *In re Robbins*, 622 S.W.3d 600, 601 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding)). Mandamus may be granted to compel a trial court to perform the nondiscretionary or ministerial act[2] of ruling on a properly filed, pending motion "within a reasonable time." *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act.").

"The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time from an unreasonable one." *In re Greater McAllen Star Props.,* 444 S.W.3d at 748; *see also In re*

---

[2]    "An act is ministerial, or nondiscretionary, when 'the law clearly spells out the duty to be performed with sufficient certainty that nothing is left to the exercise of discretion.'" *Bd. of Trs. of Hous. Firefighters' Relief & Ret. Fund v. City of Houston*, 466 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (citation omitted).

*Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding) ("There is no bright-line rule establishing a reasonable time period" for trial court to rule on properly filed, pending motion) (citing *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding)). This Court may consider factors such as the state of the trial court's docket, the trial court's actual knowledge of the motion, any overt refusal to act on it, and other judicial and administrative matters that must be addressed first. *Ex parte Bates*, 65 S.W.3d at 135. In addition, the trial court's "inherent power to control its own docket [must] be included in the mix." *Id.* (citing *Ho v. Univ. of Texas at Arlington,* 984 S.W.2d 672, 694–695 (Tex. App.—Amarillo 1998, pet. denied)).

Relator seeks an order from this Court compelling Respondent to rule on its Motion filed on June 26, 2023 on the ground that "[t]he Motion has been pending for approximately three months." While it is true the Motion was filed on June 26, 2023, the Motion was set and considered at a hearing on August 7, 2023, the very day on which Relator set the Motion for hearing. Thus, the record reflects that at the time Relator filed its present petition for writ of mandamus, the motion had been pending for less than two months. Relator has not shown Respondent's delay in ruling on its Motion is unreasonable.

## Conclusion

We deny Relator's petition for writ of mandamus without prejudice to Relator re-urging the writ should the Motion remain pending without ruling. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.