

# NUMBER 13-24-00113-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE AVISERV, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Aviserv, LLC contends that the trial court abused its discretion by failing to rule on dual motions for summary judgment regarding whether improvements constructed on leased property owned by the City of Harlingen, located at Valley International Airport in Cameron County, Texas, are exempt from the payment of ad valorem taxes. We deny relief without prejudice.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

In order to obtain mandamus relief for the trial court's refusal to rule on a motion, the relator must establish that: (1) the motion was properly filed and the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 49 (Tex. App.—El Paso 2021, orig. proceeding); *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). We determine whether a reasonable time has elapsed by examining several criteria, including the seriousness and complexity of the pending motion, the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Chavez*, 62 S.W.3d at 228–29.

2

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Richard Molina, Chief Appraiser of the Cameron County Appraisal District, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. The pending motions are complex; the parties have filed multiple amended and supplemental pleadings and motions relevant to the requested relief; and our review of the trial court's docket reveals that the parties have filed other pleadings relating to discovery and jurisdiction. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Chavez*, 62 S.W.3d at 228–29. We are confident that the trial court will address these matters promptly. Accordingly, we deny the petition for writ of mandamus without prejudice.

GINA M. BENAVIDES
Justice

Delivered and filed on the
5th day of April, 2024.