

# NUMBER 13-25-00053-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JACK LEE KING

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

By pro se petition for writ of mandamus, relator Jack Lee King contends that the trial court has abused its discretion by failing to enforce a judgment signed on February 10, 2022, in a partition suit. Relator asserts, in short, that he is entitled to a share of the proceeds from the sale of the property at issue; however, the trial court has not responded to his requests for distribution.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a).

To obtain mandamus relief for the trial court's refusal to rule on a motion, the relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial

court rule on the motion. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Relator has provided this Court with copies of: (1) the file-stamped "Order Granting Judgment for Plaintiff and Directing Sale of Property" signed on February 10, 2022; (2) relator's "Petition for Funds Held in the 319th Judicial District Court Registry," allegedly filed on or about July 20, 2023; (3) a letter dated July 6, 2024, addressed to the clerk of the 319th District Court requesting the issuance of a writ of execution on the judgment; and (4) a letter dated October 28, 2024, addressed to the clerk of the 319th District Court making a second request for the issuance of a writ of execution on the judgment. Other than the judgment, none of these documents are file-stamped. Further, nothing here indicates that the trial court received, was aware of, and was asked to rule on relator's requests for distribution. Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
12th day of February, 2025.

3