**Conditionally Grant in Part and Opinion Filed December 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00715-CV**

**IN RE RUTH TORRES, Relator**

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08711**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Garcia
Opinion by Chief Justice Burns

In this original proceeding, relator Ruth Torres asks us for a writ of mandamus compelling the trial court to rule on her second motion to strike or reconsider orders, which has been pending for more than eighteen months. She also seeks relief from various other orders.

We conditionally grant the petition to the extent that we direct the trial court to rule on the pending motion. As for the remaining issues, we deny relief.

## BACKGROUND

The underlying suit arises from a contract in which relator Ruth Torres agreed to provide human-resources consulting services to real party in interest Pursuit of Excellence. The case was initially before Justice Bonnie Goldstein when she was the

–1–

presiding judge of the 44th Judicial District Court. Following her voluntary recusal in November 2019, the case was transferred to Judge Dale Tillery of the 134th Judicial District Court.

Torres pursued several unsuccessful appeals as well as an original proceeding challenging various orders that Justice Goldstein had issued.[1] Thereafter, on December 7, 2020, Torres filed a "Notice of Case Status, Motion to Strike or Reconsider Orders and Notice of Outstanding Motions." On April 5, 2021, she filed a "2nd Motion to Strike or Reconsider Orders, Notice of Outstanding Motions, Request for Evidentiary Hearing." The motion was heard on April 19, 2021. At the hearing, Judge Tillery stated, "I'm going to go back — I haven't been able to digest everything in the file. I'm going to go through and do that. And I will rule on your motion, your motion to strike or reconsider orders, notice of outstanding motions, requests for evidentiary hearing filed April 5."

When Judge Tillery asked Torres about the December 7 motion, she explained that the April 5 motion was more comprehensive and included the requests contained in the December 7 motion. At the close of the hearing, Judge Tillery repeated:

> We're here on . . . Ms. Torres's motion. I'm going to go
> through, and I'm going to give a ruling on it. Ms. Torres,
> I'm not going to hear any other motions right now until

---

[1] *See In re Torres*, No. 05-18-00774-CV, 2018 WL 4784580, at *1 (Tex. App.—Dallas Oct. 4, 2018, orig. proceeding) (mem. op.) (denying petition for writs of mandamus, prohibition, and injunction concerning many of the same issues raised in this original proceeding); *see also Torres v. Dallas/Ft Worth Int'l Airport*, No. 05-18-00675-CV, 2019 WL 4071994, at *1 (Tex. App.—Dallas Aug. 29, 2019, pet. denied) (mem. op.) (affirming grant of DFW's plea to the jurisdiction); *Torres v. Pursuit of Excellence, Inc*., No. 05-18-00676-CV, 2019 WL 2863866, at *1 (Tex. App.—Dallas July 2, 2019, pet. denied) (mem. op.) (affirming denial of motion to dismiss under TCPA), *cert. denied*, 141 S. Ct. 909 (2020).

I've gone through that and figure out what's in, what's not, and let y'all know, okay?

The next month, on May 24, 2021, Torres filed a document entitled "Judicial Notice" asking for, among other things, a ruling on her outstanding second motion to strike or reconsider orders. On May 25, 2021, Torres filed a proposed order for the motion.

On February 18, 2022, Torres filed a notice of appeal seeking mandamus and injunctive relief from the trial court's failure to rule on the motion. In its May 27, 2022 opinion, this Court dismissed the appeal for want of jursidiction because there was no appealable order or judgment. *Torres v. Pursuit of Excellence, Inc.*, No. 05-22-00195-CV, 2022 WL 1702515, at *1 (Tex. App.—Dallas May 27, 2022, no pet.). This Court also declined to reclassify the appeal as an original proceeding because the filing did not comply with Texas Rule of Appellate Procedure 52.

On July 24, 2022, Torres filed this petition for writs of mandamus, prohibition, and injunction. In her petition, Torres raises various issues:

- She seeks mandamus relief from Judge Tillery's refusal to rule on her motion to reconsider/strike various orders previously issued by Justice Goldstein when she was the trial judge presiding over the underlying case.

- She seeks Justice Goldstein's disqualification on constitutional grounds.

- She specifically complains about various orders that Justice Goldstein had issued back in 2018, including (1) a temporary-injunction order; (2) various sanctions orders; (3) an order denying defendants' motion to dismiss, for summary

–3–

judgment, and to reconsider; (4) an order granting DFW Airport Board's plea to the jurisdiction; (5) an order granting Pursuit of Excellence's motion to dismiss under Rule 91a and an order denying reconsideration; and (6) an order granting leave to file a third amended petition. She argues that these orders are void because Justice Goldstein is constitutionally disqualified. She also argues that this Court should reconsider its 2018 denial of mandamus relief with respect to these issues because she has now filed an adequate record.

- She seeks appointment of counsel.

- She seeks a writ of prohibition that would prohibit the trial court from (1) ordering removal, alteration, or destruction of documents in the record or in any party's possession; (2) finding contempt based on the temporary injunction or confidentiality order; (3) engaging in ex-parte communications with any party on substantive issues; (4) admitting or using her privileged communications with her clergy; (5) infringing on her rights of freedom of speech and religion; and (6) ordering her or her entities in default.

- She seeks a writ of injunction enjoining Pursuit of Excellence from filing litigation against potential witnesses, filing new claims against her, tampering with witnesses or destroying evidence, and infringing on her rights to freedom of speech and religion.

We requested a response specifically with respect to the trial court's failure to rule on the pending motion. Real party Dallas/Fort Worth International Airport (DFW Airport) filed a letter-brief response, explaining that any complaint regarding the trial court's failure to take action on the pending motion would have no bearing on DFW Airport because this Court has already determined that Torres has no jurisdictional basis for her claims against DFW Airport. Real parties Marie Diaz (manager of Pursuit of Excellence) and Mark Galvan (former Chief Strategy Officer

–4–

and President of Pursuit of Excellence) each filed responses as well. Regarding the court's failure to rule, Diaz and Galvan asserted that trial courts have been delayed due to staffing and COVID-related issues. They also argued that, in light of the complexity of this case, more time was necessary for the trial court to be able to properly review the motion. The other real parties have not filed a response.

## ANALYSIS

Having examined and considered the petition, the responses filed, the record, and the applicable law, we conclude that mandamus relief is warranted to the extent Torres complains about the trial court's failure to rule on her pending motion. As for the rest of the issues raised in the petition, we conclude that Torres has not shown her entitlement to the relief requested.

Mandamus is an extraordinary remedy available only when the relator can show the trial judge clearly abused its discretion and there is no adequate remedy by way of appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus may issue to compel a trial court to rule on a motion that has been pending before the court for a reasonable period of time. *See In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been

pending for a reasonable time, the relator requested a ruling on the motion, and the trial judge refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

A trial judge must rule "within a reasonable time" on motions that are properly filed. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Whether a reasonable period of time has elapsed depends on the circumstances of the case. *Blakeney*, 254 S.W.3d at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *Greater McAllen*, 444 S.W.3d at 748 (quoting *Blakeney*, 254 S.W.3d at 662).

Courts examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 748–49. While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited. *Clanton v. Clark*, 639 S.W.2d 929, 930–31 (Tex. 1982). Trial courts also have a duty to tend to and schedule cases so as to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 931.

Here, the pending motion was filed and heard more than eighteen months ago. At the April 19, 2021 hearing, the trial court assured the parties that it was going to rule on the motion. The record also reflects that Torres requested a ruling on the pending motion on May 24, 2021. Specifically, she filed a document entitled "Judicial Notice" asking for, among other things, a ruling on her outstanding motion to strike or reconsider orders. She also filed a proposed order for the motion the next day. Based on these circumstances, we conclude that Torres is entitled to a writ of mandamus compelling the trial court to rule on her pending motion.

Although real parties Diaz and Galvan make the general claim that trial courts are facing staffing shortages and COVID-related delays, the record before this Court does not contain any indication that the COVID-19 pandemic has prevented the trial judge from ruling on the pending motion. *See In re Reiss*, No. 05-20-00708-CV, 2020 WL 6073881, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op.) (noting that there was no indication the pandemic had prevented the trial court from ruling); *In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272 at *7–8 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (same). Indeed, as this Court has noted in a prior case, "courts across Texas—including this Court—have continued to fully tend to most business of the courts and serve the citizens of Texas while implementing safety precautions above and beyond recommendations by the Centers for Disease Control and Prevention

and accommodating Covid-19-related exigencies." *In re Reiss*, 2020 WL 6073881, at *3.

Real parties Diaz and Galvan also stress the complexity of the pending motion. But, at this point, it has been more than eighteen months since the motion has been heard and under advisement. Under these circumstances, we conclude that the motion has been pending for an unreasonably long time. Accordingly, we hold that Torres has demonstrated her entitlement to mandamus relief with respect to the trial court's failure to rule on her motion.

We have reviewed the remaining issues raised in the petition and conclude that Torres has not shown her entitlement to the relief requested for those issues. Accordingly, we conditionally grant the petition in part and direct the trial court to rule on the pending second motion to strike or reconsider orders. We deny all other relief requested in the petition.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220715F.P05