

# NUMBER 13-23-00044-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSE ARELLANO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Peña[1]

Relator Jose Arellano filed a pro se petition for writ of mandamus in the above-referenced cause through which he asserts that the trial court has abused its discretion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

because it refuses to rule on relator's pending motions, or, stated otherwise, has "refuse[d] to exercise power it is required to exercise."[2]

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable

---

[2] Relator's petition for writ of mandamus arises from trial court cause number 06-CR-770-E in the 357th District Court of Cameron County, Texas. We previously affirmed relator's conviction in his direct appeal from that cause number. *See Arellano v. State*, No. 13–07–00356–CR, 2009 WL 942896, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2009, pet. ref'd) (mem. op., not designated for publication) (affirming appellant's judgment of conviction for three counts of intoxication manslaughter and one count of intoxication assault*); see also Arellano v. State*, No. 13-18-00672-CR, 2019 WL 303050, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 24, 2019, no pet.) (mem. op., not designated for publication) (dismissing an appeal for want of jurisdiction where appellant contended merely that "the trial court was 'indifferent' to his request for DNA testing"); *In re Arellano*, No. 13-18-00248-CR, 2018 WL 2148761, at *1 (Tex. App.—Corpus Christi–Edinburg May 9, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief regarding relator's contention that the trial court's nunc pro tunc judgment was void).

time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion,

3

its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Here, relator has provided this Court with copies of the relevant motions which are at issue in this original proceeding, but the motions are not file-stamped, and relator has not included any documentation to show that the trial court received, was aware of, and was asked but refused to rule on the motions. Accordingly, relator has not established the right to mandamus relief. We deny the petition for writ of mandamus.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of February, 2023.

4