

# NUMBER 13-25-00449-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REGENCY NURSING CENTER PARTNERS OF EDINBURG LTD.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron**

By petition for writ of mandamus, relator Regency Nursing Center Partners of Edinburg Ltd. (Regency) asserts that the trial court[1] clearly abused its discretion by failing to render an order on Regency's motion to dismiss a health care liability case filed against it in the absence of the required expert report and, concomitantly, by refusing to entertain any further motions in the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)

---

[1] This original proceeding arises from trial court cause number C-1603-21-A in the 92nd District Court of Hidalgo County, Texas, and the respondent is the Honorable Luis Singleterry. *See id.* R. 52.2.

(requiring a claimant to provide an expert report with a curriculum vitae for each health care provider against whom the claimant asserts a liability claim). We conditionally grant the petition for writ of mandamus.

## I.   BACKGROUND

On April 27, 2021, real party in interest Aida Villarreal, as personal representative of the estate of Martina Gonzalez, filed an original petition against Regency. Villarreal alleged that Gonzalez, a patient at Edinburg Nursing Rehabilitation Center, Inc., "suffered severe bedsores that had gone untreated and went septic resulting in her death on December 20, 2019." On September 2, 2021, Villarreal filed a first amended petition against Regency and other entities, who are not parties to this original proceeding, alleging that these defendants committed medical malpractice resulting in Gonzalez's death.

Regency was not served with Villarreal's lawsuit until February 1, 2023. On March 27, 2023, Regency filed its original answer and verified denial. On August 7, 2023, Regency filed a motion to dismiss Villarreal's lawsuit because she had not filed her expert reports and curriculum vitae on or before July 25, 2023, as required by the Texas Medical Liability Act (TMLA). *See id.* Regency alleged that Villarreal's claims were health care liability claims, and Villarreal failed to file an expert report and curriculum vitae as to her claims. Regency also filed a proposed order granting its motion to dismiss.

On September 19, 2023, the trial court held a hearing on Regency's motion to dismiss. Villarreal's counsel did not appear at the hearing. Regency's counsel advised the trial court that:

> Because it is a medical malpractice case, an expert report and [curriculum vitae] were due to be filed and served by July 25th of 2023. Today, there is

2

no expert report on file, no [curriculum vitae] on file, there is no agreement to extend that deadline, and there is no response on file to the motion, Judge. I would ask the Court to dismiss the case.

We do have evidence of attorneys' fees on file, as permitted by statute. We're seeking $7,728.14 in attorneys' fees and costs, and [we] would ask the Court to make that award.

The trial court confirmed that notices regarding the hearing were properly sent to the parties, and that the bailiff had called the names of the parties three times at the courtroom door. The trial court then informed Regency's counsel that "your motion to dismiss is granted," "your request for attorneys' fees is also granted," and "I'll sign the order later today."

The trial court did not thereafter sign an order granting Regency's motion to dismiss. On October 21, 2024, Regency submitted another proposed order of dismissal to the trial court.

On December 3, 2024, Villarreal filed a motion to set aside Regency's motion to dismiss. Villarreal alleged that Regency evaded service and deliberately delayed filing its answer to her lawsuit so that her 120-day expert designation period would expire, and that Regency's motion to dismiss was not timely filed.[2] Villarreal did not provide any evidence in support of her motion nor did she cite any authority for the proposition that Regency's motion to dismiss was untimely filed. On December 5, 2024, Regency filed a response raising numerous arguments in opposition to Villarreal's motion. Regency argued, in short, that Villarreal still had not filed an expert report and curriculum vitae nor had she requested an extension of time to do so. Regency denied evading service and

---

[2] Villarreal's arguments are not supported by the TMLA insofar as the statutory deadline for her to file an expert report and curriculum vitae was triggered by the date that Regency's original answer was filed, and the TMLA does not contain a deadline for a health care provider to file a motion to dismiss. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351, 74.353.

3

asserted that it did nothing to prevent Villarreal from meeting her statutory obligations under the TMLA.

On January 16, 2025, the trial court held a non-evidentiary hearing on Villarreal's motion to set aside. Villarreal's counsel represented to the trial court that she provided an expert report to the parties prior to litigation but acknowledged that, "where it is, and who has it, we don't know." Villarreal did not provide Regency nor the trial court with a copy of the alleged expert report. Villarreal reiterated her contention that Regency evaded service and further argued that her failure to serve an expert report was excused because, *inter alia*, the nursing home had changed ownership; the nursing home had alleged that it was immune from suit; and the nursing home's counsel had asserted that "they were going to sue us for damages for filing against an immune party." The trial court took the matter under advisement and informed the parties it would issue a ruling within two weeks. However, the trial court did not issue a written ruling on either Regency's motion to dismiss or Villarreal's motion to set aside.

On August 26, 2025, the trial court issued a notice stating that the case would be heard on its dismissal docket on August 29, 2025. On August 29, 2025, Villarreal filed a second amended petition and a motion for a telephonic docket control conference. The record does not contain a record of any proceedings that were held on August 29, 2025; however, on September 2, 2025, the trial court signed an order requiring the parties to mediate the case within forty-five days and setting the case for a preferential jury trial to be held on October 24, 2025. The trial court's order states that, "No other motions or extensions shall be considered by the Court."

On September 3, 2025, Regency filed a "Motion to Reconsider Order [Setting] Trial and for Entry of Order on Motion to Dismiss." Regency argued, in relevant part, that the trial court properly dismissed the claims against it at the hearing held on September 19, 2023, and that the trial court lacked discretion to do otherwise in the absence of an expert report. Regency requested the trial court to withdraw its September 2, 2025 order and to enter its proposed order dismissing the case and awarding attorney's fees.

On September 4, 2025, the trial court signed an order which did not directly address any of the parties' pending motions. This order provided that the case would "remain on the docket," required the parties and counsel to comply with its order to mediate, and stated that, "No other motions shall be considered by the court."

On September 8, 2025, new counsel made an appearance in the case for Regency, and that same day, filed an "Original Answer and Verified Denial to Plaintiff's Second Amended Petition (Mistitled First Amended Petition)."

On September 10, 2025, Regency filed this petition for writ of mandamus and an opposed motion to stay the trial court proceedings. The Court granted the opposed motion to stay, stayed the trial court proceedings, and requested Villarreal to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10. Villarreal filed a response to the petition for writ of mandamus, Regency has filed a reply thereto, and Villarreal has filed a sur-reply. *See id.* R. 52.5.

## II. STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The

5

relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). An error of law or the erroneous application of the law to the facts is an abuse of discretion. *In re Ill. Nat'l Ins.*, 685 S.W.3d at 835.

To determine whether an appellate remedy is adequate, we balance or weigh the benefits of mandamus review against the detriments. *In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding). "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'" *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding)).

### III.  DUTY TO RULE

To obtain relief for the trial court's failure to rule on a motion, the relator in an original proceeding must establish: (1) the motion was properly filed and the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 49–50 (Tex. App.—El Paso 2021, orig. proceeding); *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–

6

Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re ADUSA Transp. LLC*, No. 13-25-00146-CV, 2025 WL 1351539, at *2 (Tex. App.—Corpus Christi–Edinburg May 8, 2025, orig. proceeding) (mem. op.). The relator must show that the trial court was aware of the motion and relator asked the trial court to issue a ruling. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2.

We determine whether a reasonable time for the trial court to act has elapsed based on the circumstances of the case. *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228, *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. No "bright line" distinguishes a reasonable period from an unreasonable one. *In re Mesa Petrol. Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *see In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. We examine several criteria, including the seriousness and complexity of the pending motion, the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. We determine each

7

case "based upon the totality of the facts and circumstances." *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2.

## IV.   ANALYSIS

Regency asserts by one issue that the trial court abused its discretion by violating a ministerial duty to enter an order on the motion to dismiss and by refusing to consider any other motions. Regency further argues that it lacks an adequate remedy at law to address this situation. Villarreal presents various arguments in support of her contention that mandamus relief is not warranted in this case.

### A.     Abuse of Discretion

We examine the specific circumstances of this case to determine whether Regency has established that its motion to dismiss was properly filed, it requested a ruling on its motion, and the trial court failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. The record indicates that Regency filed its motion to dismiss on August 7, 2023; the trial court held its hearing on the motion to dismiss on September 19, 2023; and the trial court orally granted relator's motion to dismiss that same day. Regency urged the trial court to render a written ruling on its motion: (1) on September 19, 2023, at the hearing on Regency's motion to dismiss; (2) on December 5, 2024, in its response to Villarreal's motion to set aside the motion to dismiss; (3) on January 16, 2025, at the hearing on Villarreal's motion to set aside; and (4) on September 3, 2025, in its motion to reconsider. Here, Regency has shown that the trial court received, was aware of, and was asked to rule on its motion to dismiss. *See In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d at 710.

Regency filed its motion to dismiss on August 7, 2023, and the trial court heard

that motion and verbally granted it on September 19, 2023. Thus, more than two years have passed without the trial court's rendition of a written order on Regency's motion to dismiss. Regency's motion to dismiss was premised on the TMLA, which was enacted for the purposes of reducing expense and unwarranted delay and disposing of frivolous claims early in the litigation process. *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (per curiam) ("We have previously explained that the purpose of the expert report requirement is to weed out frivolous malpractice claims in the early stages of litigation, not to dispose of potentially meritorious claims."); *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013) (referencing the "statute's purposes of reducing expense and eliminating frivolous claims early in the lawsuit"); *see also In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *6 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (considering the timeliness of the trial court's ruling on a motion to dismiss under the TMLA). The record before the Court fails to indicate that any special docket conditions or other matters have prevented the trial court from rendering a written ruling on Regency's motion to dismiss.

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion by failing to rule on Regency's motion to dismiss within a reasonable period. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *see also In re McAllen Hosps., L.P.*, 2020 WL 2611272, at *7 (granting mandamus relief for a ten-month delay in ruling on a motion to dismiss under the TMLA); *In re City of Edinburg*, No. 13-23-00131-CV, 2023 WL 3185808, at *3 (Tex. App.—Corpus Christi–Edinburg May 1, 2023, orig. proceeding) (mem. op.) (collecting cases regarding unreasonable periods of delay).

9

**B.    Mere Disagreement**

Villarreal asserts that Regency has not shown that the trial court abused its discretion and that Regency's arguments "amount to [a] mere disagreement with the trial court's decision, which is not enough" to obtain mandamus relief. Villarreal argues that mandamus "is reserved for extraordinary circumstances," and Regency "presents no emergency or irreparable harm that warrants bypassing the normal appellate process." According to Villarreal, review by mandamus in this case "would expand mandamus jurisdiction beyond its intended scope."

We disagree. Consideration of a motion that is properly filed and before the trial court is a ministerial act, and under well-established law, mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Pete*, 589 S.W.3d at 321; *In re Henry*, 525 S.W.3d 381, 381 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney*, 254 S.W.3d at 661; *see also In re McAllen Hosps., L.P.*, 2020 WL 2611272, at *4.

**C.    Preferential Trial Setting**

Villarreal argues that the trial court did not abuse its discretion by issuing orders stating that no further motions would be considered in the case because the court had ordered a preferential trial setting for the case. Villarreal contends that the trial court has broad discretion to control its docket and set and enforce pretrial deadlines.

Regency filed its motion to dismiss on August 7, 2023, two years before the trial court ordered a preferential trial setting and ruled that it would not consider any "other" motions in the case through its orders signed on September 2, 2025, and September 4,

2025. Villarreal's argument is inapposite because Regency's motion to dismiss was already pending when the trial court informed the parties that it would not consider "other" motions. Leaving that aside, we remain mindful that trial courts have broad discretion in how they conduct business in their courtrooms and control their dockets. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.); *see also In re Am. First Lloyd's Ins.*, No. 13-24-00059-CV, 2024 WL 717103, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 21, 2024, orig. proceeding) (mem. op.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Marriage of Harrison*, 557 S.W.3d 99, 123 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also In re Am. First Lloyd's Ins.*, 2024 WL 717103, at *3. We reject Villarreal's contention that the trial court's failure to rule was excused by its discretion to control its docket and its imposition of a preferential trial setting.

## D.    Res Ipsa Loquitur

Villarreal asserts that "[t]he trial court did not abuse its discretion in permitting the jury to consider a cause of action under res ipsa loquitur without expert testimony." Villarreal contends that her second amended petition included photographs of the decedent's injuries "that plainly showed injuries that any lay person would understand" and that her case "presents a situation where the injury is of a type that does not ordinarily occur in the absence of negligence, and the instrumentality causing the injury was under

11

the management and control of the defendant."[3]

It is well-settled that the doctrine of res ipsa loquitur does not relieve a claimant from filing an expert report in a health care liability action. *See Merry v. Wilson*, 498 S.W.3d 270, 277 (Tex. App.—Fort Worth 2016, no pet.) (collecting cases); *see also Noel v. Oakbend Med. Ctr.*, No. 01-21-00206-CV, 2022 WL 3031347, at *6 (Tex. App.— Houston [1st Dist.] Aug. 2, 2022, pet. denied) (mem. op.); *Vanderbilt v. Univ. Med. Ctr.*, No. 07-21-00034-CV, 2022 WL 2759048, at *3 (Tex. App.—Amarillo July 14, 2022, no pet.) (mem. op.); *Welch v. Christus Good Shepherd Med. Ctr.- Marshall*, No. 06-19-00089-CV, 2020 WL 1696086, at *5 (Tex. App.—Texarkana Apr. 8, 2020, no pet.) (mem. op.); *Pruski v. Am. Med. Response, Inc.*, No. 03-17-00717-CV, 2018 WL 6056936, at *2 (Tex. App.—Austin Nov. 20, 2018, pet. denied) (mem. op.); *Haddad v. Marroquin*, No. 13-07-014-CV, 2007 WL 2429183, at *4–5 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2007, pet. denied) (mem. op.). Therefore, Villarreal was required to provide an expert report regardless of whether the doctrine of res ipsa loquitur would ultimately apply in the trial of this case. *See Merry*, 498 S.W.3d at 277. We reject Villarreal's contentions otherwise.

**E.     Adequacy of a Remedy by Appeal**

Villarreal contends that Regency possesses an adequate remedy by appeal to cure any alleged abuse of discretion, and thus mandamus relief should be denied.

---

[3] Villarreal attempts to invoke a case from this Court in support of her contentions. She cites "*Valley Baptist Medical Center v. Maria C. Gonzales*, 33 S.W.3d 821 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied)," for the proposition that: "expert testimony is not required to establish negligence through res ipsa loquitur." However, the citation that Villarreal provides is an opinion by the Texas Supreme Court which does not discuss the application of res ipsa loquitur to a healthcare liability claim. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 821–22 (Tex. 2000) (per curiam). For that matter, neither did the opinion, ultimately vacated by the supreme court, which was originally issued by this Court. *See Valley Baptist Med. Ctr. v. Gonzalez*, 18 S.W.3d 673, 673–78 (Tex. App.—Corpus Christi–Edinburg 1999) (en banc) (op. on r'hg), *vacated*, 33 S.W.3d 821 (Tex. 2000).

According to Villarreal, "[a]n appeal provides a full, adequate, and speedy remedy for any alleged harm." However, there is no adequate remedy at law for a trial court's failure to rule because "[f]undamental requirements of due process mandate an opportunity to be heard." *See In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) (orig. proceeding) (citing *Creel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991)); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *see also In re McAllen Hosps., L.P.*, 2020 WL 2611272, at *4. Moreover, we have expressly held that an appeal is not an adequate remedy for a trial court's refusal to rule on a motion to dismiss under the TMLA because failing to enforce its statutory requirements would frustrate the Legislature's intent to avoid delay and expense. *In re McAllen Hosps., L.P.*, 2020 WL 2611272, at *7 (collecting cases regarding the enforcement of statutory provisions in the context of mandamus). Accordingly, we conclude that any appeal following the rendition of a final judgment would serve as an inadequate remedy for the trial court's failure to rule in this case.

**F.    Summary**

We conclude that the trial court abused its discretion by failing to issue a written ruling on Regency's motion to dismiss within a reasonable period, and Regency lacks an adequate remedy by appeal to address this error. We sustain Regency's sole issue as presented in this original proceeding.

### V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the sur-reply, and the applicable law, is of the opinion that Regency has met its burden to obtain relief. Accordingly, we deny Villarreal's emergency

motion to dismiss the petition for writ of mandamus. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to promptly rule on Regency's motion to dismiss. Our writ will be issued only if the trial court fails to comply.

JENNY CRON
Justice

Delivered and filed on the
8th day of October, 2025.